UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORETTA BENSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC. and CLASSMATES MEDIA CORPORATION,<br><br>Defendants. | Case No.<br><br>**COMPLAINT–CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Loretta Bensen ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant PeopleConnect, Inc. and Defendant Classmates Media Corporation (collectively "Classmates" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF ACTION**

1. Plaintiff brings this class action complaint against Defendants for willfully misappropriating the photographs, likenesses, images, and names of Plaintiff and the class; willfully using those photographs, likenesses, images, and names for the commercial purpose of selling access to them in Defendants' products and services; and willfully using those

CLASS ACTION COMPLAINT - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

photographs, likenesses, images, and names to advertise, sell, and solicit purchases of Defendants' services and products; without obtaining prior consent from Plaintiff and the Class.

2. Defendants' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Defendants aggregate the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores those digital records in a massive online database. Defendants provide free access to some of the personal information in its database to drive users to purchase its two paid products—reprinted yearbooks that retail for up to $99.95, and a monthly subscription to Classmates.com that retails for approximately $3 per month—and to get page views from non-paying users, from which Defendants profit by selling ad space on their website.

3. Defendants sells their products on their website: www.classmates.com.

4. Upon accessing Classmates' website, the public-at-large is free to enter the information of a particular school.

5. After entering this information, any public user of Classmates' website is provided with a listing of search results. Each search result corresponds to a school for which Classmates sells its yearbook service.

6. These search results provide a limited, free preview of Defendants' service. This free preview includes Plaintiff's name and photo.

7. Classmates' free preview provides enough information to identify an individual.

8. The purpose behind Classmates' free preview is singular: to entice users to purchase Defendants' services. These enticements are clear in Defendants' advertisements.

9. When a user selects "Upgrade Your Membership" (while names and photographs of Plaintiff and the putative class are prominently displayed), users are given an offer to sign up

CLASS ACTION COMPLAINT - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

for Classmates' monthly subscription service whereby a user is able to "keep in touch" with other classmates.

10. Defendants thus uses the identities of Plaintiff and the putative class to market their completely unrelated subscription services.

11. Defendants most popular monthly subscription costs $3 per month.

12. Ohio's Right of Publicity law states that: "a person shall not use any aspect of an individual's persona for a commercial purpose." OH ST § 2741.02(A).

13. Neither Plaintiff nor class members provided Defendants with consent to use their identities in Defendants' advertisements. As detailed above, Defendants use class members' identities to advertise their for-profit services. Thus, Defendants violate OH ST § 2741, *et seq*.

14. It would be simple for Defendants to maintain their business model while still complying with state law. For example, Defendants could sell yearbooks without using Plaintiff's or class members' identities to advertise their subscription service.

## PARTIES

15. Plaintiff Loretta Bensen is a citizen of Ohio who resides in Ashtabula, Ohio.

16. Defendant Classmates Media Corporation is a Delaware corporation with its headquarters in Seattle, Washington.

17. Defendant PeopleConnect, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington. Defendant PeopleConnect, Inc. is the parent company of Defendant Classmates Media Corporation.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from Defendants.

CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

19. This court has specific personal jurisdiction over Defendants because a substantial portion of the events giving rise to the cause of action occurred within this District at Defendants' headquarters.

20. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

21. Plaintiff discovered that Defendants use her name and photo in advertisements on the Classmates website to advertise and/or actually sell Defendants' products and services.[1]

22. Plaintiff believes that it is reasonable for others to identify her because Defendants' advertisements include accurate details about her as well as her photograph.

23. Plaintiff never provided Defendants with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

24. Plaintiff is not and has never been a Classmates customer. She has no relationship with Defendants whatsoever.

25. Plaintiff has never even visited Defendants' website.

26. As the subject of a commercial transaction, Plaintiff's personal identifiable information disclosed by Defendants has commercial value. These aspects of Plaintiff's identity are valuable to online advertisers among others.

27. Plaintiff has not been compensated by Defendants in any way for their use of her identity.

---

[1] Plaintiff's attorneys, who investigated Defendants' website as part of their obligations under FRCP 11, timely opted out of Defendants' arbitration agreements. In any event, Plaintiff's retention agreement expressly precludes Plaintiff's attorneys from agreeing to arbitrate claims on her behalf.

CLASS ACTION COMPLAINT - 4

**CLASS REPRESENTATION ALLEGATIONS**

28. Plaintiff seeks to represent a class defined as all Ohio residents who have appeared in an advertisement preview for a Classmates product (the "Class").

29. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

30. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether Defendants' use Class members' names and identities in advertisements for their own commercial benefit;

    b. Whether the conduct described herein constitutes a violation of OH ST § 2741, *et seq.*;

    c. Whether Plaintiff and the Class are entitled to injunctive relief; and

    d. Whether Defendants violated the privacy of members of the class.

31. The claims of the named Plaintiff are typical of the claims of the Class.

32. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

33. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
### Violation of Ohio's Right of Publicity
OH ST § 2741, *et seq.*

34. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

35. Plaintiff brings this claim individually and on behalf of the members of the Class.

36. Ohio Revised Code Sec. 2741.01, *et. seq.*, prohibits using an individual's name for advertising or soliciting the purchase of products or services without written consent.

37. As described above, Defendants used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

38. The aspects of Plaintiff's persona that Defendants use to advertise their products has commercial value.

CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

39. Plaintiff is domiciled and suffered her injury in Ohio.

40. Defendants had knowledge that Plaintiff's persona was being used in an advertisement without authorization.

41. Defendants intended for Plaintiff's persona to be used in an advertisement without authorization.

42. Based upon Defendants' violation of Ohio Revised Code Sec. 2741.01, *et. seq.*, Plaintiff and class members are entitled to (1) an injunction requiring Defendants to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) statutory damages in the amount of between $2,500 and $10,000 per violation to the members of the Class, (3) an award of punitive damages or exemplary damages, and (4) an award of reasonable attorney's fees, court costs, and reasonable expenses under OH ST § 2741.07.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

    b. For an order declaring the Defendants' conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

   f.  For an order of restitution and all other forms of equitable monetary relief;

   g.  For all injunctive relief the court finds appropriate; and

   h.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated:  August 29, 2022

      **TOUSLEY BRAIN STEPHENS PLLC**

      By: *s/ Cecily C. Jordan*
      Cecily C. Jordan, WSBA #50061
      1200 Fifth Avenue, Suite 1700
      Seattle, WA 98101-3147
      Tel: (206) 682-5600/Fax: (206) 682-2992
      cjordan@tousley.com

      **BURSOR & FISHER, P.A.**
      Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
      Julian C. Diamond (*Pro Hac Vice* Forthcoming)
      888 Seventh Avenue
      New York, NY 10019
      Telephone: (646) 837-7150
      Facsimile:  (212) 989-9163
      E-Mail: pfraietta@bursor.com
         jdiamond@bursor.com

      *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992